*492 Opinion of
the Court.
THIS was a bill in chancery, exhibited by John Day and Betsey, his wife, late Betsey Carneal, William Douglass, late husband of Lucy Douglass, formerly Lucy Carneal, and John, Nancy, Betsey, Sally and John M. Douglass, children and heirs of Lucy Douglass, against the heirs and administrators of Thomas Carneal, deceased.
The complainants allege, that in 1795 or 1796, Thomas Carneal, deceased, for a valuable consideration, executed his bond to Betsey, Sally and Lucy Carneal, for $1000 worth of land, they being then infants; that upon their arriving at age, they demanded a conveyance of Carneal, who not having seen the bond for ten or twelve years, requested a sight of it, and the bond having been handed to him for that purpose, he destroyed it; but still promised to convey the land. They further allege, that Lucy Carneal died intestate and without children; that Betsey Carneal intermarried with the complainant, John Day; and that Lucy intermarried with the complainant, William Douglass, and afterwards died, leaving the other complainants her children and heirs; and pray for general relief.
The defendants deny the execution of the bond by their ancestor, and if it was executed they deny that it was for a valuable consideration; and they plead and rely upon the statute against frauds and perjuries, and the statute of limitations, in bar of the relief sought by the bill.
By an amended answer, the administrator of Carneal alleges, that if the bond in virtue of which the complainants set up their demand, ever existed, it had been discharged, and the demand arising therefrom satisfied by his intestate; and he exhibits receipts which he insists establish the fact.
A subscribing witness deposes to the execution of the bond by Carneal in Virginia, in the year 1795 or 1796, and that it was given for the conveyance of $1000 worth of land, at or near the Red-banks, the mouth of Kentucky, or on Eagle creek; and the same witness *493 proves the destruction of the bond by Carneal, ten or twelve years after its execution, and that Carneal repeatedly afterwards promised to make a conveyance of the land.
Where a contract is executed in one country, with a view to its performance in another, the law of the latter county furnishes the rule for determining its obligation.
The act of 1792 authorising joint actions to be brought against personal representatives & heirs, embraces all contracts, wherever and whenever executed.
The right of action on a joint bond to a plurality of obligees, survives in equity as well as at law.
The defendants not showing themselves able to convey the land, the court below decreed them to pay to the complainants $1000, with five per cent. interest from the 3d day of January, 1796, until paid; and to reverse that decree the defendants prosecute this writ of error with supersedeas.
The errors assigned question the correctness of the decision of the court below, not only on the grounds assumed by the defendants in that court, but on various other grounds. We shall first notice those relied on in the defence in the court below. We concur with that court in believing, that the positive proof of the execution of the bond by one witness, is sufficient, against the denial of the defendants, who do not pretend to have had any knowledge of the transaction; and the bond, from the solemnity of the instrument, must, in the absence of all repelling circumstances, be presumed to be founded upon a sufficient consideration. This presumption, indeed, ought to be the more readily indulged, in this case, as the bond was destroyed by Carneal; for in odium spoliatoris omnia presumuntur. As to the statute against frauds and perjuries, it has evidently no application to the case, and the plea of the statute of limitations, is sufficiently obviated by the infancy of the obligees at the time the bond was executed, and for several years afterwards, as well as by the repeated promises of Carneal to convey the land agreeable to the bond, after its destruction.
With respect to the satisfaction alleged to have been made by Carneal, of the demand founded on the bond in question in this case, there is not the slightest evidence. The receipts referred to for the purpose, were given to Carneal as executor of John Carneal, senior, and purport to be for a legacy bequeathed by the testator to the obligees in the bond in question in this case, and for a balance due to their father, and have, therefore, no relation to the bond given by Carneal himself, or to the demand founded upon that bond. It results, therefore, that the grounds relied on in the court below, do not constitute an available defence.
Where such bond is given for the conveyance of land, and a breach has been committed, by which the demand has become a pecuniary one, yet the heirs, representatives of the deceased obligee, may unite with survives,and under a prayer of general relief, may elect to take and recover the land, if it can be obtained.
But if the land cannot be obtained, a decree for a pecuniary compensation must be rendered in favor of the survivers only.
The other grounds, taken for the first time in this court, by the assignment of error, relate rather to the mode of proceeding than the merits of the claim.
It is alleged, that as the heirs of Carneal are not alleged or proved to have been expressly named in the bond, and it was executed in Virginia, by whose laws, the heir is not bound unless he is expressly named, the decree should have been against the administrator only, and not against the heir.
It is sufficient, in answer to this objection, only to remark, that though the bond was executed in Virginia, it was for conveyance of land in Kentucky, and from the circumstance of the parties shortly afterwards removing to this state, it is to be presumed that they intended the contract to be performed here; and it is well settled that where a contract is made in one country with a view of its being performed in another, the law of the latter is to furnish the rule by which the obligation contract is to be determined.
But another answer altogether conclusive, is, that the act of this state subjecting lands to sale for the payment debts, by which the same actions which will lie against the executor or administrator, are allowed to be brought jointly against the executor or administrator and the heirs, although the latter may not be named in the contract, applies equally to all contracts, whether they are made within or without the state; and there can be no doubt of the competency of the legislature to subject the lands of the debtor, which are within this country, to the payment of his debts, whether contracted within the state or not, and, of course, to provide remedy by which the lands may be reached, whether in the hands of the debtor or of his heir. Such a law does not impair the obligation of the contract; it only affords additional means of its obligation.
But another objection taken by the assignment of error, is, that the suit should have been brought by the surviving obligee alone, or if not, that the executors or administrators should have joined in the suit, and not the heirs or distributees of the deceased obligee.
From the case made out by the complainants, it appears, that there was a breach of the contract to convey the land in the lifetime of the obligees, and, of course, the money due as a compensation for such breach, is personal and not real estate. Where one or more of *495 several joint owners of a personal thing, whether in possession or action, died, the right as well as the remedy accrued to the surviver, according to the principles of the common law; but by the act concerning partitions and joint rights and obligations, passed in Virginia in 1786, and afterwards re-enacted in this country, the parts of those who die first, do not accrue to the surviver; but are transmissible to the executors or administrators of the deceased co-tenants. Those who thus jointly hold the thing, are, however, by the express provisions of the act, to be considered to all intents and purposes, as if they had been tenants in common; and in that case, though the right does not survive, the remedy does. It has accordingly been held by this court, in the case of Morrison vs. Winn and Winn's executors, Hard. 489, that upon a promise made to two, the remedy survived to the surviver, and that a joint action could not be maintained by him and the executor of the deceased promisee. That, it is true, was an action at law; but the same rule, we apprehend, must apply to a suit in chancery; for it is said, that the surviver is, in such a case, a trustee for the executor or administrator of the deceased co-tenant—Toller’s Law of Executors, 454; and in a suit in chancery by a trustee against a stranger, the cesque trust is not a necessary party.
It is clear, therefore, that the surviving obligee in this case, had a right to bring the suit, and that the executor or administrator of the deceased obligee, were not necessary parties, and much less can the other complainants be necessary parties. But notwithstanding they were not necessary parties, it does not follow that they were improper parties. Had the heirs of Carneal shown that they were able to convey the land, agreeably to the bond of their ancestor, the complainants might have waived the breach of the contract, and under the prayer for general relief, have elected to take the land. In that case, the consent of the other complainants, as well as of the surviving obligee, would have been necessary, and for that purpose, it was not improper that they should be before the court. But as the defendants did not show themselves able to convey the land, a compensation in damages, for the breach of the contract, could only be recovered; and that compensation could, with propriety, be decreed to be paid to the surviving obligee alone. The decree, therefore, *496 that the defendants should pay the money to the complainants, is improper.
Decree reversed, with directions to render a decree in favor of the surviving obligee only.
Note—A short time after the above opinion was delivered, a petition for rehearing was presented. That petition cannot be found 5 but the opinion of the court on it, will be found in 2 Littell’s Reports, 397. It is sufficient to say, that no position stated in the preceding opinion, was impugned by it.